

SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree St., N.E.
Atlanta, GA  30309-3996
404.853.8000  Fax 404.853.8806
www.sutherland.com

**THOMAS A. CULLINAN**
DIRECT LINE: 404.853.8075
E-mail: tom.cullinan@sutherland.com

October 1, 2013

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

      Re:   *NPR Investments, LLC v. United States*,
            Case No. 10-41219

Dear Mr.Cayce:

      This supplemental letter brief is being filed pursuant to the Court's directive issued on September 26, 2013 regarding the four issues addressed below.

**(1)**     **Did the district court have jurisdiction to decide, in a partnership-level proceeding, whether a basis-overstatement penalty applies as a result of the sham transactions? This question does not pertain to the district court's jurisdiction to determine defenses.**

      Yes. The district court had jurisdiction to determine any penalty "which relates to an adjustment to a partnership item." 26 U.S.C. §§ 6221 and 6226(f). In this case, the parties agree that all the penalties that the IRS asserted in the notice of final partnership administrative adjustment relate to an adjustment to a partnership item. (*See* R1925 ("Here, the IRS asserted four accuracy-related penalties under Section 6662 that relate to the partnership items it adjusted in the FPAA issued to NPR . . . .").) The parties' agreement that the penalties relate to an adjustment to a partnership item gave the district court jurisdiction over the penalties. It is well-settled law that "[c]onsent of parties cannot give the courts of the United States jurisdiction, but the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission." *Railway Co. v. Ramsey*, 89 U.S. 322, 327 (1874). *See also Woolwine Ford Lincoln Mercury v. Consolidated Fin. Res.*, 245 F.3d 791, 2000 WL 1910184, at *2 (5th Cir. Dec. 27, 2000) (unpublished) (noting the general rule that litigants cannot stipulate or consent to a federal court's subject matter jurisdiction but stating that "[p]arties can, however, stipulate to facts that form the basis of subject matter jurisdiction."); *Ferguson v. Neighborhood*

Mr. Lyle W. Cayce, Clerk
October 1, 2013
Page 2

*Housing Servs. of Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986) (discussing "the distinction between an admission that federal subject matter jurisdiction exists, and an admission of facts serving in part to establish federal subject matter jurisdiction").

With that said, NPR disagrees with the suggestion in the Court's question that the Internal Revenue Code (the "Code") provides for a "basis-overstatement penalty." Although the Code sets forth "valuation misstatement penalties," *see* 26 U.S.C. § 6226(d) and (h), whether the valuation misstatement penalties apply to overstatements of basis is presently under consideration by the United States Supreme Court. *See United States v. Woods*, 133 S.Ct. 1632 (March 25, 2013) (No. 12-562).

NPR also disagrees with the suggestion in the Court's question that the transactions involved in this case were "sham transactions." The government does not dispute that the transactions actually occurred (i.e., the government has never contended that the transactions were merely "paper transactions" or "shams in fact."). Although the government argued in the proceedings below that the transactions lacked economic substance (i.e., that they were "economic shams") because they purportedly could not be profitable, the trial court found that the "investment strategy could be profitable." (R2702.) The government did not appeal that finding. Thus, the transactions were not "shams."

Finally, NPR disagrees that the Court's question does not pertain to defenses. That the penalties relate to an adjustment to a partnership item is not disputed. It also is undisputed, however, that the NPR partnership did not overstate its basis in any asset, and that the losses that could give rise to the penalties were claimed by NPR's partners on their personal tax returns. The penalty defense is therefore common to the partners, *see American Boat Co., LLC v. United States*, 583 F.3d 471, 478-80 (7th Cir. 2009), and goes hand-in-hand with the Court's jurisdiction to consider imposition of the penalties in the first instance.

**(2)** **For purposes of determining the district court's jurisdiction to decide whether a basis-overstatement penalty applies (as distinguished from the district court's jurisdiction to consider defenses), are there aspects of the present case that factually distinguish it from the transactions at issue in *Petaluma FX Partners, LLC v. Commissioner*, 591 F.3d 649 (D.C. Cir. 2010) or *Jade Trading, LLC v. United States*, 598 F.3d 1372 (Fed. Cir. 2010)?**

Yes. In both *Petaluma* and *Jade*, the partnerships disputed the government's contention that the penalties related to an adjustment to a partnership item. As explained above, in this case the parties agree that the penalties relate to an adjustment to a partnership item.

22481482.1

Mr. Lyle W. Cayce, Clerk
October 1, 2013
Page 3

**(3)** **To the extent that this question does not duplicate question (2) above, assuming that *Petaluma* and *Jade Trading* were correctly decided, is the present case distinguishable and if so, how?**

Yes. Please see our response to the first and second questions.

**(4)** **Was any penalty at issue in the present case based on the partnership's inside basis, as distinguished from each partner's outside basis? Please explain in detail if your answer is "yes."**

No.

Sincerely,

s/ Thomas A. Cullinan
THOMAS A. CULLINAN

22481482.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2013, I electronically filed the foregoing supplemental letter brief with the Clerk of the Court using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that on October 1, 2013, I mailed the foregoing Rule 28(j) letter by First Class Mail to the following participant who is not registered to receive electronic CM/ECF notices.

>Andrew L. Sobotka
>U.S Department of Justice
>Tax Division
>Suite 400
>717 N. Harwood Street
>Dallas, TX  75201

>s/ Thomas A. Cullinan
>THOMAS A. CULLINAN

22481482.1